UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80051-CIV-HURLEY/HOPKINS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Plaintiffs,

vs.

JEFFERY KUGLER, M.D., et al.,

    Defendants.
_____/

**MOTION TO DISMISS, NOTICE OF JOINDER IN CO-DEFENDANTS
MOTIONS TO DISMISS, AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Gary D. Carroll, Mark Izydore, and the dissolved Florida corporation Palm Beach Practice Management, Inc. ("PBPracM"), collectively referred to herein as "Movants," Move the Court for the entry of an order dismissing the above entitled action, with prejudice, and for judicial economy hereby join in, and adopt, *en toto,* the Motions to Dismiss and supporting Memoranda of Law of the Co-Defendants (hereinafter referred to as "the Doctors' MTDs") as if fully set forth herein, and in support thereof state as follows:

    **1.**    The basis of this Motion to Dismiss is Rules 8(a), 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, the case law and authorities cited in the Doctors' MTDs, and the arguments and authorities cited herein, which include lack of jurisdiction, lack of standing, statute of limitations (evident from the face of the Amended Complaint and its attachments), and failure to state a cause of action on which relief can be granted. Essentially, through a variety of legal

principles clearly stated herein and within the Doctors' MTDs, it is patently clear that State Farm either possesses no claim in its own right, or is, in any event, estopped to proceed or prevail herein as a matter of law. These deficiencies cannot be cured on amendment, and therefore, the Amended Complaint must be dismissed with prejudice.

2. In *Allstate Insurance Co. v. Advanced Health Professionals, P.C.*, 256 F.R.D. 49 (D. Conn. 2008), the Court addressed nearly identical pleading errors and the controlling law applicable to this case. Upon reading that case, and comparing it to the Amended Complaint at bar, it is obvious that for the same reasons which the Court relied upon in that action, State Farm's Amended Complaint likewise must be dismissed without leave to amend.

3. Plaintiffs (hereinafter collectively referred to as "State Farm"), have brought this action seeking declaratory relief and damages alleging a civil RICO theory, conspiracy to commit civil RICO, common law fraud, Florida deceptive and unfair trade practices act ("FDUTPA"), and unjust enrichment, all bottomed on alleged fraud via settlement letters of injured patients sent by their lawyers to either State Farm or the tortfeasor-drivers insured by State Farm, in an effort to negotiate a resolution of the patients' bodily injury disputes. Those settlement letters were not created or sent by the Movants, or indeed, any of the Defendants. The Defendants have, however, been sued herein for whatever the injured patient's lawyers decided to write in or attach to those settlement letters. Thus, in actuality, this Action was filed solely to "defame by pleading" those named as Defendants. It has been well documented in cases across this country, and as the lack of facts, innumerable conclusions, personal characterizations, and presumptions "pled" by State Farm in the Amended Complaint make perfectly clear, despite repeated sanction/punitive damages

awarded against it, it simply will not change its ways and conduct itself within the law.[1] It is respectfully suggested that this Court must end that here and now.

### Facts and Synopsis

4.     As the Doctors' MTDs make abundantly clear, the law requires pleadings to actually state facts that show a pleader has a cause of action, and that the pleader is entitled to relief on the facts pled. Fed. R. Civ. Pro. 8(a).  Guesses, conclusions, arguments, and inflammatory libel are not facts.  Opinions of the very biased and interested State Farm, are not facts.  Differing opinions <u>claimed</u> by State Farm do not constitute facts.

5.     Whether medical care for a given patient is reasonably obtained by a patient, from the perspective of that injured patient, is uniquely within the mind of the given patient. *Dungan v. Ford*, 632 So.2d 159, 163 (Fla. 1st DCA 1994), cited with approval by *Emory v. Florida Freedom Newspapers*, 687 So.2d 846, 848 (Fla. 4th DCA 1997); *Dungan* and *Emory* principles reiterated in *Nason v. Shafranski*, 33 So.3d 117 (Fla. 4th DCA 2010). State Farm's effort to substitute it's own speculation, conclusions, arguments, and opinions for the patients' decisions to obtain the treatments they, from their perspectives, felt reasonable to try to get relief from the injuries caused them by the

---

[1] On the same day that State Farm filed this action, Defendants Kugler, Cutler, Bistline, and the Surgery Center, filed in state court an action against State Farm alleging in great detail the long history of these Plaintiffs to use the claims department as a profit center and, specifically, employ their McKinsey-Report tactics, including intentional character attacks on treating physicians to extort injured Plaintiffs into accepting low-ball settlements and treating doctors into ceasing to participate in personal injury care practices – so they won't be around to testify in favor of their care rendered to the Plaintiffs – weakening or wholly defeating valid bodily injury claims, and thereby increasing State Farm's profits through the claims center – in willful violation of regulatory statutes that mandate they fairly adjust and settle claims based on their merits (as Justice Ginsberg recognized in the *Campbell* case, State Farm is really just a systemic fraud. *State Farm v. Campbell*, 538 U. S. 408 (2003), Justice Ginzberg dissent; see also, *Hampton v. State Farm*, 2008 WL 65107 (Mo. App. W. D. January 8, 2008) (State Farm encouraged falsifying of evidence, omitted evidence, and threatened criminal action to coerce witnesses, ultimately resulting in $8,000,000.00 punitive damages award against State Farm and **its** NICB)).

negligence of State Farm insureds, is transparent and unavailing.

6.   When a person injured in a car crash caused by a State Farm insured seeks medical care and treatment for the injuries thusly incurred, State Farm's opinions on the matter are never relevant, never a consideration at all, and no factor in the doctor-patient relationship whatsoever. What State Farm thinks never matters.  It simply has no role or place in the doctor-patient relationship, and therefore, no "say" in the process. If such an injured patient decides it is reasonable to have his doctor perform tests and or procedures that the injured patient believes may help him in addressing his injuries, then – from his perspective – it is reasonable for him to obtain such care and treatment, and to seek damages for the charges incurred therefor, period. This is Florida law on the matter and it controls. *Dungan*, at 163; *Emory*; *Nason*; Fla. Std. Jury Instr. 501.2(b), f/k/a 6.2(c). State Farm ignores the controlling law and merely fabricates an elaborate straw-man argument so that it can go through the process of tearing it down – as if to thereby prove something. Parlaying a ruse has never been legitimate pleading, or litigation, and it is not in the case at Bar.

7.   The state law and common law claims require privity, but State Farm has alleged none with the Movants.  Thus, State Farm has no standing to sue (particularly with regard to its oft-repeated assertions as to "other" insurance carriers), leaving this Court without jurisdiction. Additionally, as is evident from the face of the Amended Complaint, many of the matters listed in State Farm's Exhibit "A," the asserted bases for this action as argued by the patients' lawyers in their settlement letters (called demand packages by State Farm) sent to tortfeasor-Defendants, their lawyers provided by State Farm, or State Farm as the indemnity insurer for the tortfeasors, are barred by the 4 year statute of limitations contained in Section 95.11 of the Florida Statutes and the RICO Act, and all claims allegedly based thereon must be dismissed with prejudice.

8.   The RICO claims are nothing more than a presumptive and conclusory diatribe,

virtually identical in pleading and deficiency to that in *Allstate Insurance Co. v. Advanced Health Professionals, P. C.*, 256 F.R.D. 49 (D. Conn. 2008), requiring dismissal with prejudice.

9. There is no instance of a single statement being made by any of the Movants to State Farm, EVER, nor any business transaction between State Farm and any of the Movants. Thus, there are no rights between them to declare (Count I), can be no fraudulent misrepresentation from the Movants (Count IV), no possible FDUTPA event (Count V), and no possibility of Movants' unjust enrichment by State Farm (Count VI). As the Amended Complaint establishes, not a single payment was made by State Farm to any of the Movants (which is why there are no specific allegations of such in the Amended Complaint). State Farm's intentionally vague assertions that "claims were submitted to State Farm" (elsewhere in the Amended Complaint clarified by allegation that such was by lawyers representing injured plaintiffs, NOT by the Movants), and that "State Farm paid to settle the claims to avoid the risks inherent in any bodily injury litigation" (also clarified in the Amended Complaint that such was by payment TO THE INJURED PLAINTIFFS [or their attorneys, NOT to the Movants]), simply fail to plead causes of action SHOWING that State Farm is entitled to relief FROM the Movants.

10. There is no short and plain statement of facts SHOWING that State Farm is entitled to relief from the Movants (Rule 8(a) violation); no specific facts alleging any conduct of the Movants meeting any of the elements of any putative cause of action – especially fraud, RICO, and RICO conspiracy (Rule 9(b) violation); no facts establishing State Farm's standing to complain of anything against the Movants – and absent standing there is no jurisdiction (Rule 12(b)(1) violation); and no cause of action upon which relief can be granted is alleged by State Farm (Rule 12(b)(6) violation). In fact, every Count asserted by State Farm is bottomed on alleged fraud, yet not a single specific fact required by law or Rule 9(b) is pled by State Farm.

11. For the record, and to be perfectly clear, a limited appearance is made herein for Movant, Palm Beach Practice Management, Inc.("PBPracM"), a dissolved Florida corporation, solely to point out that there is no jurisdiction of this Court over said dissolved entity, for as a matter of public record (of which all are charged with knowledge as a matter of law) it was dissolved by the Florida Secretary of State on September 14, 2007. There being no allegation that there was ever any relationship or transaction between State Farm and PBPracM, because there wasn't, and that entity having been dissolved for more than three years before the filing of this action, it both does not exist to be sued and there can be no claim held by State Farm against it. Dismissal with prejudice of all claims against PBPracM is therefore required.

## ARGUMENT

12. The facts and arguments of the Doctors' MTDs are adopted as if fully set forth herein, and establish that dismissal with prejudice is required. Movants will add their arguments thereto in the order of the simplest to the more complex (although all are extremely elementary).

13. **Declaratory Relief (Count I)**. State Farm seeks no relief against the Movants in Count I of the Amended Complaint, and therefore, Movants add no arguments to those within the Doctors' MTDs clearly mandating dismissal of that Count.

14. **Unjust Enrichment (Count VI).** The elements of a cause of action for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. *Florida Power Corporation v. City of Winter Park*, 887 So.2d 1237, 1242, nt.4 (Fla. 2004). [Emphasis added].

15. State Farm has not alleged as against any Movant a single thing State Farm did for

or provided TO the Defendants/Movants. Indeed, State Farm has not alleged that it ever paid a dime to Gary Carroll, Mark Izydore, or PBPracM. There is no privity alleged between State Farm and the Movants, because there isn't any. Hence, it is impossible for there to have been a benefit conferred UPON Movants BY State Farm, which is why none is even alleged. There is no allegation of any benefit for Movants to appreciate or retain, and none can be alleged by State Farm, so the very concept of unjust enrichment does not exist. In fact, it was a frivolous violation of Rule 11 for State Farm to even purport to assert this cause of action.

16. Where there is no enrichment of one by another, it is simply impossible for the latter to claim anything unjust regarding the former.

17. **Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Sections 501.201-213, Florida Statutes (Count V).**

"In passing the FDUTPA, the Florida Legislature intended to create a simplified statutory cause of action to provide additional substantive remedies to the citizens of this state to recover economic damages related to products or services purchased in a transaction infected with unfair or deceptive trade practices or acts." *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773, 776 (Fla. 2003). Emphasis added. A consumer claim for damages under FDUTPA (the "Act") has three elements: (1) a deceptive act or unfair practice against the consumer plaintiff in the products/services transaction with the defendant; (2) causation of harm to the consumer by the deceptive and unfair products/service transaction with the defendant; and (3) actual damages to the consumer plaintiff caused by the defendant's products/services transaction with the consumer plaintiff. *City First Mortgage Corp. v. Beacon property Management, Inc.*, 988 So.2d 82, 86 (Fla. 4th DCA 2008).

18. Having never been involved in any business with each other, let alone where State

Farm BOUGHT PRODUCTS OR SERVICES from the Movants, it is not possible for State Farm to have a cause of action against the Movants under the Act. Indeed, State Farm does not allege it paid a penny to any of the Movants – because it never did. This Claim is wholly frivolous, without legal or factual merit, and brought solely to harass the Defendants and Movants, in violation of 501.211(3), Florida Statutes. This claim must be dismissed with prejudice as a result; however, should this Court find some lawful basis upon which this frivolous claim may remain after amendment, then Movants reserve the right to seek the bond as provided by said statute.

19.   **Common Law Fraud (Count IV)**. To state a cause of action for Fraud, a Plaintiff must plead with particularity (as required by Rule 9(b)): (1) a false statement of fact by the defendant; (2) known by the defendant to be false at the time that it was made by defendant to plaintiff; (3) made by the defendant for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation from defendant; and (5) resulting damages to plaintiff. *Madness, L. P. v. Ditocco Konstruction, Inc.*, 873 So.2d 427, 429 (Fla. 4th DCA 2004). State Farm has pled no specific facts establishing any of the elements of a valid fraud action. True, State Farm has used the word fraud so many times that its intent to ingrain it into the court's mind as if a fact, is obvious – albeit vacuous.

20.   Movants never had any business transactions with State Farm. Therefore, it is not surprising that State Farm does not allege the contrary, let alone a single representation of fact from the Movants to State Farm. Without there being a representation of fact, *a priori* there cannot be a false one. "Where a litigant seeks to inject the issue of fraud into a lawsuit, Florida law requires that it be pled with precision, not just flung into the case willy-nilly." *Hembd v. Dauria*, 859 So.2d 1238, 1239 (Fla. 4th DCA 2003). Equally applicable to pleading fraud under Federal Rule Rule 9(b), is the specificity required by Florida Rule of Civil procedure 1.120(b). "Florida Rule of Civil

Procedure 1.120(b) requires that the circumstances constituting fraud 'be stated with such particularity as the circumstances may permit.'" *Hembd*, at 1239.  Thus, the pleading must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions. *Id*.

21. As clearly stated in the Doctors' MTDs, State Farm's effort to plead fraud is wholly lacking in all respects.  There are no FACTUAL allegations of time, place, manner, identities of persons specifically making statements and the persons to whom such specifically pled statements were being made.  There are no FACTS of justifiable and detrimental reliance by State Farm ON SPECIFICALLY PLED STATEMENTS allegedly made by any of the Defendants – let alone statements by any of the Movants. Dismissal with prejudice is therefore required, because State Farm simply cannot cure these deficiencies by amendment – as State Farm cannot, through a pleading, create a relationship with the Movants that theretofore never existed.

22. **RICO and RICO Conspiracy**.  The Doctors' MTDs fully and exhaustively demonstrate that State Farm has not, and cannot, state a cause of action against any Defendant under RICO or RICO conspiracy.  Suffice it to say that their arguments equally dispel any notion of a cause of action being stated – or possible – against the Movants.  Of note, it is clear that State Farm has made no specific allegation complying with Rule 9(b), that – or precisely how – Movants made false statements of fact to State Farm through use of the mails "in furtherance of the scheme." *United States v Pacheco-Ortiz*, 889 F.2d 301, 305 (1st Cir. 1989); *see also, In re Managed Care Litigation*, 2009 WL 812257 (S.D.Fla. March 26, 2009); *Sanchez v Triple S Management Corporation*, 446 F. Supp. 48 (D. Puerto Rico 2006), *affirmed, Sanchez v Triple-S Management Corp*, 492 F. 3d 1 (1st Cir. 2007).  An essential element of a mail fraud violation is a scheme to defraud which requires specific intent to defraud and the use of false or fraudulent representations or statements of *fact* by the defendants.  *Mills v. Polar Molecular Corp.,* 12 F. 3d 1170, 1176 (2d

Cir. 1993); *Daddona v. Gaudio,* 156 F. Supp. 2d 153, 161 (D. Conn. 2000); *Asheka Indus. v. Travelers Indem. Co.,* 831 F. Supp. 74, 89 (E.D.N.Y. 1993). Since State Farm has made no such allegations in its Amended Complaint, and cannot, dismissal with prejudice is required.

23.     **Statute of Limitations**. Because "it is apparent from the face of the Amended Complaint that claim[s are] time-barred," dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). *Brotherhood of Locomotive Engineers & Trainmen General Committee of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (citations and quotations omitted).

24.     Civil RICO claims are subject to a four year statute of limitations. *Agency. Holding Corp.* v. *Malley-Duff & Associates, Inc.,* 483 U.S. 143 (1987). The statute begins to run when the plaintiff discovers or should have discovered the RICO injury. *Tho Dinh Tran v. Alphonse Hotel Corp.,* 281 F.3d 23, *35* (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Express Co.,* 460 F.3d 215 (2d Cir. 2006). It is the discovery of the injury, and not discovery of the underlying predicate acts, which triggers the statute of limitations. *Rotella v. Wood,* 528 U.S. 549, 555-57 (2000). A "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries that were caused by earlier predicate acts that took place outside the limitations period." *Klehr v. A. 0. Smith Corp.,* 521 U.S. 179, 190 (1997).

25.     The limitations period for each of Plaintiffs' claims is four (4) years. § 95.11, Fla. Stats. The limitations period begins to run as soon as "a plaintiff has actual or constructive knowledge of only 'the facts forming the *basis* of his cause of action' and not that of the cause of action itself." *Becks v. Emery-Richardson, Inc., 1990 U.S. Dist. LEXIS 19326, 1990 WL 303548, at *9 (S.D. Fla. 1990)* (citations omitted); *see also Vigman v. Cmty. Nat'l Bank & Trust, 635 F. 2d 455, 459 (5th Cir. 1981).*

26. The Doctors' MTDs, adopted herein, make clear that State Farm is attempting to assert and obtain relief based on barred claims. The Doctors' MTDs' arguments all the more apply to the claims against the Movants, being even further removed from State Farm than the other Defendants, requiring dismissal of such claims with prejudice.

27. **Estoppel/Waiver - Privilege/Immunity.** The simple fact is that estoppel bars all of State Farm's claims either: **(i)** because it voluntarily chose to settle disputed claims OF injured persons (NOT the Movants) and paid THOSE INJURED PERSONS (not the Movants) pursuant to those voluntary decisions to settle (possessing all the information of which it now complains, as made clear by Exhibit "I" of the Amended Complaint), resulting in a common law estoppel against its complaints made herein (State Farm obviously took the position previously that settling the injured persons' claims was the best thing for it to do, while possessing all the information of which it now complains merely because it says it disagrees with the choices the doctors and patients made despite those choices being solely theirs to make, the effort here to essentially undo and collaterally attack its own settlement decisions being a contrary position – barred by the doctrine of estoppel against inconsistent positions. Indeed, State Farm also can be said to have clearly waived the right to contest the injuries of the claiming patients, their medical care choices, and the charges incurred by those injured victims, by voluntarily choosing to settle those claims while possessing all of the information of which it here complains. State Farm voluntarily relinquished its well-known right to fight the claims, said waiver barring its efforts here to "end-around" those settlements and unwind them); or **(ii)** because in Florida, the litigation privilege provides legal immunity for actions that occur in judicial proceedings, including actions prior to filing suit, and specifically including the things contained in pre-suit attorney demand letters. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380 (Fla. 2007) (litigation immunity applied in pre-suit setting); *See*

11

*also, Kelly v Palmer, Reifler & Associates, Inc.*, 681 F.Supp.2d 1356 (S.D. Fla. 2010) (construing *Echevarria* as holding FDUTPA claims are barred by litigation privilege where based on attorney demand letters); *Delmonico v Traynor*, 50 So.3d 4, 7 (Fla. 4th DCA 2010); *quoting Ross v Blank*, 958 So.2d 437, 441 (Fla. 4th DCA 2007) ("The <u>falsity</u> or maliciousness of the alleged statements <u>is irrelevant</u> to this analysis."); *State Farm Mutual Automobile Insurance Company v Duval Imaging, LLC*, 2011 WL 264366 (11th Cir. January 28, 2011)(Florida law governs whether the privilege applies); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004), citing, *Petty v. Gen. Accident Fire & Life Assurance Corp.*, 365 F.2d 419, 421 (3d Cir. 1966) (immunizing statements made in a settlement conference because "the negotiation of a settlement is part of a judicial proceeding"). *See also Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1344 (Fed. Cir. 1999) (threatened litigation against other entities not party to the lawsuit actually filed); *Arochem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 271-72 (2d Cir. 1992) (statements made to encourage settlement of litigation absolutely privileged, applying California law); *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 850-51 (1st Cir. 1985)(litigation threatened but not actually initiated); *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358 (5th Cir. 1983)(extending petitioning immunity to generalized threats to litigate to protect claim to oil assets).

28. In *Sosa v DirectTV, Inc*, 437 F. 3d 923 (9th Cir. 2006), the Ninth Circuit expressly held that the *Noerr-Pennington* doctrine provided immunity to statements made in demand letters, stating that alleged misrepresentations of the law cannot constitute fraud, including under the mail and wire fraud statutes, because statements of the law are mere opinions, not fact, and as such they cannot be relied upon. *Id.*, at 940. Medical opinions, certainly, are no different. *See also Raney*, 370 F.3d at 1088 n.2 (affirming dismissal of civil RICO case based, in part, on mail fraud predicates); *Talley v. Halpern*, Civil Action No. 05-4184 (E.D. Pa. Aug. 16, 2005), *2005 U.S. Dist. LEXIS*

*17423*, at **13-14 (dismissing civil RICO count based on mail fraud predicates, holding that the service of litigation documents by mail cannot constitute mail fraud); *Nolan v. Galaxy Scientific Corp.*, 269 F. Supp. 2d 635, 643 (E.D. Pa. 2003) (rejecting civil RICO claim based on mail fraud predicates, stating that "[t]his court is unwilling to expand RICO liability for mail fraud in such a dramatic fashion as to include litigation papers and pre-litigation statements of legal position" ).

29. Every complaint of State Farm derives from settlement letters sent to it by lawyers representing persons who had been hurt by State Farm insureds. Since those settlement packages, and the alleged fraud therein, are the bases for ALL counts of State Farm's action, the entire action must be dismissed with prejudice.

## CONCLUSION

30. For all the foregoing reasons, and those stated within the Doctors' MTDs and the memoranda of law submitted by the other Defendants in support of dismissal (wholly adopted and incorporated herein), this action must be dismissed with prejudice, with attorneys' fees and costs awarded to Movants under the RICO Act and the FDUTPA, Movants respectfully requesting the Court enter its Order(s) accordingly and grant Movants such other and further relief as this Court deems just and proper.

**STEVEN L. ROBBINS, P. A.**
Co-Counsel for Movants
2047 Palm Beach Lakes Blvd., Ste. 250
West Palm Beach, FL 33409
Ph.: 561-686-0777 / Fax: 686-0990
Steven L. Robbins, Esquire
Florida Bar No. 710288
Email: counsel62@hotmail.com

**BRUCE DAVID GREEN, P. A.**
Co-Counsel for Movants
1313 South Andrews Avenue
Fort Lauderdale, FL  33316
Phone:  954-522-8554
Fax: 954-522-8555
Email: bgreen@bdgreenpa.com

By: /s/ Bruce D. Green
    Bruce D. Green, Esquire
    Fla. Bar No.  262048

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 11, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Bruce D. Green
Bruce D. Green, Esq.