UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 11-CV-80051-HURLEY/HOPKINS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE FARM
FIRE & CASUALTY COMPANY,

    Plaintiffs,
vs.

JEFFREY KUGLER, M.D., JANE BISTLINE, M.D.,
and HELDO GOMEZ, M.D.,

JEFFREY L. KUGLER, M.D., P.A. n/k/a
NATIONAL ORTHOPEDICS AND
NEUROSURGERY, P.A., JANE E. BISTLINE, M.D.,
P.A., HELDO GOMEZ, M.D., P.A., and
NORTH PALM NEUROSURGERY, P.L.

2047 PALM BEACH LAKES PARTNERS, LLC,
a/k/a Palm Beach Lakes Surgery Center,

GARY CARROLL, MARK IZYDORE, and PALM
BEACH PRACTICE MANAGEMENT, INC., and
JOHNATHAN CUTLER, D.P.M.,

    Defendants.
_____/

### DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A.'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER CONCERNING NON-PARTY SUBPOENAS

Defendants, JANE E. BISTLINE, M.D., and JANE E. BISTLINE, M.D., P.A., ("Defendants") by and through the undersigned counsel, move to quash the subpoenas directed to Anesco Anesthesia Associates, Inc. and Broadspire Services, Inc. ("non-parties"), and object

**RICHMAN GREER, P.A.**
Miami • West Palm Beach

State Farm vs. Kluger et al
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN
*DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A.'S
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER
CONCERNING NON PARTY SUBPOENAS*
Page 2

to and move for a protective order to preclude State Farm from engaging in third-party discovery that is beyond the permissible scope of Rule 26(b) and Rule 34. *See*, Great Lakes Transport Holding, LLC v Yellow Cab Service Corporation of Florida, 2011 WL 465507 (S.D. Fla February 4, 2011)(defendants possess standing to object to and seek protective order to prevent third party discovery beyond the scope of Rule 26); Barrington v Mortage IT, Inc. 2007 WL 4370647 *3 (S.D. Fla. 2007)("Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34").

Defendants have standing to move to quash the third party subpoenas as they have a personal right or privilege in the subject matter of the discovery sought; to wit, state and federal, including Federal and Florida Constitutional right of privacy. Art. I, Sect. 23, Fla. Const. *See*, Armor Screen Corporation v Storm Catcher, Inc., 2008 WL 5049277 (S.D. Fla. 2008)(party has standing to challenge subpoenas under Rule 45 to extent party has personal right or privilege with respect to the materials subpoenaed).

## Nature of the Case

State Farm has sued twelve (12) Defendants in a putative RICO and fraud-based action centered around allegations that the Defendants entered into a scheme to defraud State Farm and other insurers through the submission by third-party Plaintiffs' attorneys of personal injury settlement demand packages, which State Farm alleges fraudulently sought payment for medically unnecessary diagnostic and surgical procedures performed on individuals who had

State Farm vs. Kluger et al
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN
*DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A. 'S*
*MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER*
*CONCERNING NON PARTY SUBPOENAS*
Page 3

been in automobile accidents. After having already litigated and/or settled the underlying automobile accident lawsuits in state court, State Farm now wants to seek damages in federal court for RICO (and other claims) based on the content of the demand packages previously submitted to State Farm by non-party attorneys who were attempting to negotiate a resolution of the insured's bodily-injury claim in those underlying disputes. The central issue to State Farm's claims is that the discograms and plasma disc decompressions (PD's) that were performed were "medically unnecessary." State Farm has directed Notices of Service of Subpoenas For Documents seeking to obtain documents from non-parties Anesco Anesthesia Associates, Inc., and Broadspire Services, Inc.

As detailed below, the subpoenas directed to non-parties, Anesthesco Anesthesia Associates, Inc., Defendant's former employer and Broadspire Services, Inc., a workman's compensation carrier, should be quashed and a protective order issued and the objections sustained.

**Request No. 1**: All documents relating to any claims made by Jane Bistline, M.D. for injuries she allegedly suffered from 1999 to the present.

Plaintiff's request is overly broad, vague and ambiguous, fails to meet the particularity requirement of Rule 34 as applicable to Rule 45 subpoenas, and, as drafted, is not reasonably calculated to lead to the discovery of admissible evidence. In State Farm's definitions (Schedule A), it defines "relating to" as broadly as possible and encompass literally all documents having

State Farm vs. Kluger et al<br>
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN<br>
<i>DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A. 'S<br>
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER<br>
CONCERNING NON PARTY SUBPOENAS</i><br>
Page 4

any relation to said subject matter. Rule 34 requires that the items be described with "reasonable particularity" and a request for "all documents" that "relate to" broad categories of documents fails to set forth the request with reasonable particularity. *See,* <u>Cooper v. Meridian Yahts, Ltd.</u>, No. 06-61630-CIV., 2008 WL 2229552, at *10 (S.D.Fla. May 28, 2008) ("courts have concluded that production requests that seek information "relating to" subject areas are impermissibly overbroad") (citing <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, No. 02-2576, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004)(holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); <u>Audiotext Commc'ns v. U.S. Telecom, Inc.</u>, No. CIV.A. 94-2395, 1995 WL 18759, at *1 (D. Kan. Jan.17, 1995)(explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

In addition to being woefully overbroad, this request asks for information that is *per se* protected by state and federal medical confidentiality laws, including Florida and federal constitutional rights of privacy. This request impermissibly calls for the production of the Defendant's protected and confidential personal medical history, which is not in any conceivable way at issue in the above-styled case and is in clear violation of Florida Constitution right of privacy. Art. I, Sect. 23, Fla. Const.

Furthermore, the documents requested are not relevant or germane to any issued in the above-styled case and, therefore, cannot reasonably be calculated to lead to the discovery of

<b>RICHMAN GREER, P.A.</b><br>
Miami • West Palm Beach

State Farm vs. Kluger et al
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN
*DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A.'S*
*MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER*
*CONCERNING NON PARTY SUBPOENAS*
Page 5

admissible evidence with respect to the issues involved in the above-styled case. *See* Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318 (Fed. Cir. 1990) (Subpoenas served on competitors seeking the non-party's confidential business information, including sales volume for certain products and customer lists were not relevant to any issue in the lawsuit and the trial court was within its discretion to deny the discovery requests altogether).

This motion is not interposed for purposes of delay or to harass the Plaintiff, nor will Plaintiff be unduly prejudiced by the granting of the instant motion.

WHEREFORE, Defendants respectfully request that this Court grant the foregoing motion and enter a Protective Order preventing the Plaintiff from any further third-party discovery and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

RICHMAN GREER, P.A.
*Attorneys for Defendants, Jane E. Bistline, M.D., and Jane E. Bistline, M.D., P.A.*
One Clearlake Centre – Suite 1504
250 Australian Avenue South
West Palm Beach, FL 33401
Tel:   561-803-3500
Fax:   561-820-1608
By: /s/ Gerald F. Richman
GERALD F. RICHMAN
Florida Bar No. 0066457
grichman@richmangreer.com
MICHAEL J. NAPOLEONE
Florida Bar No. 0147524
mnapoleone@richmangreer.com

**RICHMAN GREER, P.A.**
Miami • West Palm Beach

State Farm vs. Kluger et al
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN
*DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A.'S
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER
CONCERNING NON PARTY SUBPOENAS*
Page 6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 24, 2011, *Defendants JANE BISTLINE, M.D. and JANE E. BISTLINE, M.D., P.A.'s Motion to Quash and Motion for Protective Order Concerning Non-Party Subpoenas*, was served this day on all counsel of record or pro se parties identified on the attached Service List via U.S. Mail.

By: s/ Gerald F. Richman
GERALD F. RICHMAN
MICHAEL J. NAPOLEONE

## SERVICE LIST

| | |
|---|---|
| **Anthony C. Vitale**<br>The Health Law Office of Anthony C. Vitale, P.A.<br>*Co-Counsel for Defendants Jane E. Bistline, M.D., and Jane E. Bistline, M.D., P.A.*<br>2333 Brickell Avenue, Suite A-1<br>Miami, FL 33129<br>avitale@vitalehealthlaw.com | **Bruce David Green**<br>*Attorneys for Gary Carroll, Mark Izydore, and Palm Beach Practice Management, Inc.*<br>1313 S. Andrews Avenue<br>Ft. Lauderdale, FL 33316<br>bgreen@bdgreenpa.com |
| **David I. Spector**<br>**Scott W. Atherton**<br>Akerman Senterfitt<br>*Attorneys for Plaintiff*<br>222 Lakeview Avenue, Suite 400<br>West Palm Beach, FL 33401<br>david.spector@akerman.com<br>scott.atherton@akerman.com | **Steven L. Robbins**<br>*Attorneys for Gary Carroll, Mark Izydore, and Palm Beach Practice Management, Inc.*<br>2047 Palm Beach Lakes Blvd., Suite 250<br>West Palm Beach, FL 33409<br>counsel62@hotmail.com |

State Farm vs. Kluger et al
Case No: 9:11-cv-80051-CIV-HURLEY/HOPKIN
*DEFENDANT JANE BISTLINE, M.D. AND JANE E. BISTLINE, M.D., P.A.'S
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER
CONCERNING NON PARTY SUBPOENAS*
Page 7

| | |
|---|---|
| **Robert William Wilkins**<br>**Cristopher Stephen Rapp**<br>Jones, Foster, Johnston & Stubbs, P.A.<br>*Attorneys for Jeffrey Kugler, M.D. and Jeffrey L. Kugler, M.D., P.A.*<br>505 South Flagler Drive, Suite 1100<br>West Palm Beach, FL 33401<br>rwilkins@jones-foster.com<br>csrapp@jones-foster.com | **William Leon Richey**<br>**Catherine Shannon Christie**<br>*Attorneys for Heldo Gomez, M.D., Heldo Gomez, M.D., P.A., and North Palm Beach Neurosurgery, P.L.*<br>2 South Biscayne Blvd.<br>One Biscayne Tower – 34th Floor<br>Miami, FL 33131<br>wlr@richeylaw.com<br>csc@richeylaw.com |
| **Robert N. Nicholson**<br>**Parker D. Eastin**<br>Nicholson Law Group<br>*Attorneys for 2047 Palm Beach Lakes Partners, LLC and Jonathan Cutler, M.D.*<br>200 S. Andrews Avenue, Suite 100<br>Ft. Lauderdale, FL 33301<br>robert@nicholsonlawgroup.com<br>parker@nicholsonlawgroup.com | |