UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 11-CV-80051-HURLEY/HOPKINS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE FARM
FIRE & CASUALTY COMPANY,

Plaintiffs,
        vs.

JEFFREY KUGLER, MD, JANE BISTLINE, MD,
and HELDO GOMEZ, MD,

JEFFREY L. KUGLER, M.D., P.A. n/k/a
NATIONAL ORTHOPEDICS AND
NEUROSURGERY, P.A., JANE E. BISTLINE, M.D.,
P.A., HELDO GOMEZ, M.D., P.A., and
NORTH PALM NEUROSURGERY, P.L.

2047 PALM BEACH LAKES PARTNERS, LLC,
a/k/a Palm Beach Lakes Surgery Center,

GARY CARROLL, MARK IZYDORE, and PALM
BEACH PRACTICE MANAGEMENT, INC., and

JONATHAN CUTLER, D.P.M.,

Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL NON-PARTY KANNER & PINTALUGA, P.A.
TO PRODUCE DOCUMENTS PURSUANT TO RULE 45 SUBPOENA BASED
ON ITS REFUSAL TO COMPLY WITH THIS COURT'S ORDER**

I.    PRELIMINARY STATEMENT

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively, "State Farm"), hereby move to Compel Non-Party, Kanner & Pintaluga, P.A. ("K&P"), to produce the documents requested pursuant to State Farm's Rule 45 subpoena, which was served upon K&P over 7 months ago on April 19, 2011. As set forth more

{22693567;7}

fully below, K&P has unilaterally refused to confer with State Farm prior to November 29, 2011 despite this Court's clear and unequivocal oral pronouncement at the November 17, 2011 discovery hearing. As purported grounds for its refusal to comply with that Court order, K&P asserts that:

(a) this Court lacks the power to order the production of medical records;

(b) the Reply memoranda filed by other parties and non-parties will supposedly "cause[] this Court to revisit its position" on medical record confidentiality;

(c) this Court's oral pronouncement has not yet been reduced to writing; and

(d) K&P and its counsel are supposedly unavailable at any time before Tuesday, November 29 due to the Thanksgiving holiday on Thursday, November 24, 2011 to discuss the search protocol by phone or otherwise.

(*See* 11/22/11 E-mail Chain, attached as Ex. "1"). None of these assertions provide legitimate grounds for K&P's to simply ignore this Court's order requiring K&P to confer with State Farm prior to November 29th. Given K&P's repeated refusals to confer with State Farm and clear willingness to violate this Court's Local Rules and recent Order (*See* 11/17/11 Minute Entry, DE 196)), State Farm respectfully requests that this Court enter an Order denying K&P's Motion to Quash and requiring K&P to produce all responsive, non-privileged documents (and list all purportedly privileged documents on a privilege log) at K&P's sole expense within 14 days. Additional grounds for this relief are set forth below.

## II.    MATERIAL FACTS

As discussed during the November 17th hearing, K&P is one of the personal injury law firms that was specifically identified in Exhibit A to State Farm's Amended Complaint as being directly involved in the Defendants' auto insurance fraud scheme. After State Farm served a subpoena on K&P seeking documents evidencing its involvement in the fraud scheme, K&P lodged boilerplate objections in response to each and every request, refused to produce a single

sheet of paper in response, and served a Motion to Quash in an attempt to avoid its obligation to respond to discovery. (DE 157). Several other non-party law firms subpoenaed by State Farm filed similar Motions to Quash.

Once the briefing with respect to K&P's Motion to Quash was completed, this Court convened a hearing to address the issues and encouraged all counsel involved in the case to participate, given the similarity of the issues in other pending motions and the Court's desire to address as many of the pending motions as possible. (DE 185). At the hearing, K&P's counsel made a number of representations concerning K&P's purported lack of responsive documents and claimed that the burden that would be associated with requiring K&P to search for and produce documents responsive to State Farm's subpoena was substantial. Ultimately, the Court ordered K&P to, among other things, submit a detailed affidavit concerning the efforts K&P undertook to search for responsive documents and the results of those searches. The Court also expressly ordered K&P (and other non-parties) to confer with State Farm prior to November 29, 2011 with respect to the law firm's ability to conduct electronic searches, including by use of search terms.

Pursuant to the Court's oral pronouncement at the November 17th hearing, State Farm transmitted a letter counsel for the Defendants and non-party law firms setting forth State Farm's proposed electronic file search protocol and asking the non-party law firms to provide their availability for a call or meeting prior to November 29 to confer with respect to these matters. **(*See* 11/21/11 Letter from S. Atherton, attached as Ex. "2")**. In response, K&P initially suggested that it would not confer with State Farm at any time prior to November 29 due to "the Thanksgiving holiday and travel schedules of all parties and counsel." (*See* Ex. "1"). In doing so, K&P failed to either explain why counsel for K&P could not at least make an attempt to

{22693567;7}

3

confer by phone prior to the November 29th deadline set by the Court and likewise failed to propose any specific date, even after existing deadline, by which K&P would agree to confer with State Farm. (*See* Ex. 1).

The reasons K&P failed to attempt to accomplish these simple steps were made clear by the remainder of its email response to State Farm in which K&P indicated its refusal was also founded upon K&P's belief that this Court was not going to enter an written order consistent with its oral pronouncements at the hearing. Specifically, K&P stated as follows:

> I must point out that although the Court made several oral comments at the hearing, an actual Order has yet to be issued. We can only surmise that the reply memoranda filed after the hearing have caused the Court to properly revisit its position on Florida's clear statutory bar to the disclosure of confidential medical records, particularly with respect to non-State Farm insureds that have never consented to having their private medical files turned over to State Farm.
>
> In any event, you should be aware that if and when the Court issues an Order requiring production of any such medical files, we will be appealing that Order to Judge Hurley (and, if necessary, to the 11th Circuit), as it is incumbent upon K&P as officers of the Court to take all reasonable and necessary steps to protect the various privileges and privacy concerns of our clients.

(*See* Ex. 1). As K&P made it clear that it was refusing to confer with State Farm prior to November 29 as this Court ordered, State Farm files this Motion to Compel.

### III.   ARGUMENT

Our discovery system simply cannot work when one side refuses to meaningfully engage in the process. In this case, both the Defendants and non-party law firms have stonewalled State Farm at every turn and refused to produce clearly relevant, responsive, and non-privileged documents which are necessary for State Farm to prove its claims without providing any legitimate justification. In the case of K&P, its blatant disregard for its discovery obligations and this Court's recent order are even more egregious because K&P is, itself, a sophisticated law firm and highly experienced in the discovery process. There is simply no excuse for these

{22693567;7}

4

experienced litigants' brazen refusal to comply with their discovery obligations, including this Court's simple instruction at the November 17th hearing that parties must confer by November 29 to move this matter forward. Additional grounds for the relief sought herein are set forth below.

### A. This Court Has The Power To Deny K&P's Motion To Quash Based Upon K&P's Repeated Refusal To Confer With State Farm.

K&P's disregard for this Court's most recent order is not the only instance in which K&P violated its discovery obligations. Even before K&P served its Motion to Quash, K&P had completely failed to confer with State Farm as required by Local Rule 7.1(a)(3). This pre-filing violation alone provides grounds to deny K&P's Motion to Quash and/or require K&P to pay the reasonable expenses incurred because of the violation.[1] *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302-03 (S.D. Fla. 2010). Despite that violation, and K&P's complete failure to submit any affidavits or other evidence is support of its Motion to Quash as required by law,[2] this Court still provided K&P with an additional opportunity to confer with State Farm prior to November 29 regarding K&P's Motion to Quash. Rather than seize that opportunity to address the defects in its Motion to Quash, K&P's brazenly refused to make **any effort** to confer with State Farm by the November 29 deadline as this Court ordered. For example, and without limitation, K&P was not willing to schedule a time to confer by phone, respond to State Farm's proposed search process by email or otherwise, or even provide partial information to State Farm to begin the process prior to the deadline set by this Court.

---

[1] K&P's violation of Local Rule 7.1(a)(3) is in addition to K&P's failure to submit a memorandum of law in support of its Motion to Quash as required by Local Rule 7.1(a)(1). See S.D. Fla. L.R. 7.1.A ("Every motion *when filed shall* include or be accompanied by a memorandum of law citing supporting authorities....") (emphasis added).

[2] *See Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 WL 3419420, at *2 (S.D. Fla. Aug. 27, 2010) (denying motion to quash where the non-party failed to meet its burden of supporting its blanket assertions of undue burden, cost, and confidentiality);

{22693567;7}

K&P's complete refusal to engage in good faith discussions with State Farm, and K&P's clear indication that it is hoping this Court will alter its rulings before a written order is rendered, illustrate that this is not a case involving a simple and reasonable holiday-based extension request (which State Farm would not have opposed). In fact, K&P did not even seek State Farm's consent for an enlargement of time for K&P to comply with this Court's order, or file a motion seeking such relief from this Court. Instead, K&P's email correspondence and complete refusal to make any effort to timely confer with State Farm illustrate that K&P's refusal was a strategic decision, and a further example of K&P's failure to take its discovery obligations seriously in this case. Given K&P's repeated refusal to comply with its obligations to confer with State Farm, and its repeated practice of squandering opportunities to address its deficient objections, State Farm respectfully requests that this Court enter an order denying K&P's Motion to Quash and requiring K&P to produce all responsive, non-privileged documents (and list all purportedly privileged documents on a privilege log) at K&P's sole expense within 14 days. *See Madeline L.L.C. v. Street*, 2009 WL 1563526, at *2 (S.D. Fla. June 3, 2009) (ordering the production of documents as a sanction under Rule 45(e)).

    **B.**    **The Medical Confidentiality Arguments Asserted In Other Parties' Briefs Do Not Justify K&P's Refusal To Confer.**

        *1.*    *State Law Medical Records Privileges And Procedures Do Not Apply In Federal Cases.*

K&P's reliance on a purported "statutory bar to the disclosure of confidential medical records" under Florida law to justify its refusal is wrong as a matter of law. (*See* Ex. 1). K&P is apparently referring to Section 456.057, Florida Statutes, which merely sets forth a state law procedure for providing notice of medical records requests "to the patient ***or the patient's legal***

*representative*."[3] (emphasis added). As this Court correctly noted at the Hearing, such state law procedure does not apply in this federal case.

State Farm's Amended Complaint includes violations of 18 U.S.C. § 1961 et seq. ("RICO"), which are founded upon federal question jurisdiction. (DE 19, ¶ 5). As the Eleventh Circuit has recognized, "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is *premised upon a federal question*, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) (affirming a district court's admission of medical evidence in a Section 1983 case founded upon federal question jurisdiction, despite the existence of a doctor-patient privilege created by state statute) (emphasis added).[4] As a result, "[d]iscovery is sought, and properly so, on a regular basis in federal litigation that seeks information protected under state law-*and it is consistently permitted*." *See Canon Latin America, Inc. v. Lantech (CR), S.A.*, 2008 WL 594436, at *1 (S.D. Fla. Mar. 4, 2008) (emphasis added). Thus, in cases "[w]here as here, the Court's jurisdiction is

---

[3] Specifically, section 456.057 provides, in pertinent part:

(7)(a) Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient *or the patient's legal representative* or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
....
    3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient *or the patient's legal representative* by the party seeking such records.

(Emphasis added).

[4] Abrogated, in part, on other grounds by *Jaffee v. Redmond*, 518 U.S. 1 (1996).

{22693567;7}

7

premised upon a federal question, the *federal law of privilege governs the Court's determination of whether the requested medical records are privileged*." *Ortiz-Carballo v. Ellspermann*, 2009 WL 961131, at *1 (M.D. Fla. Apr. 7, 2009) (emphasis added).[5] Accordingly, this state statute does not justify K&P's refusal to confer with State Farm as this Court ordered.

### 2. Even If The Procedure Set Forth In Section 456.057 Applied Here, State Farm Has Complied With That Procedure.

In addition, even if Section 456.057 did apply in this federal case (which it does not), State Farm has complied with its requirements here. K&P fails to recognize that notice to a patient is not required under the statute when notice has been provided to "*the patient's legal representative*." The term "[l]egal representative is defined for the purpose of Section 456.057, F.S., as *a patient's attorney* who has been designated by the patient to receive copies of the patient's medical records...." Fla. Admin. Code 64B8-10.004 (emphasis added). In this case, K&P (like the other non-party law firms) was designated to receive copies of the patient's medical records which were then used by the patients and law firms to pursue personal injury claims. Indeed, K&P expressly represented to State Farm that it has raised objections based upon the purported "privileges and privacy concerns *of our clients*." (*See* Ex. 1) (emphasis added). Under these circumstances, K&P clearly qualifies as the "legal representative" of its own clients, and State Farm has fully complied with the notice procedure set forth in section 456.057. Thus, even if Section 456.057 were applicable in this case as K&P contends, it still would not justify K&P's refusal to confer with State Farm as this Court ordered.

---

[5] Moreover, even if this case were founded solely upon diversity jurisdiction (which it is not), the procedure set forth in Section 456.057 would still not apply, as state procedural laws do not apply in federal diversity cases. *See generally Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999) (holding that the procedural requirements for pleading punitive damages pursuant to section 768.72, Florida Statutes, are inapplicable in federal diversity cases because they are procedural in nature), vacated in part and rehearing on other grounds, 204 F.3d 1069 (11th Cir. 2000).

{22693567;7}

8

### 3. Federal Medical Privacy Laws Do Not Bar Disclosure Of The Documents State Farm Seeks.

The federal medical privacy law which applies in this federal action is HIPAA. However, as this Court correctly noted during the November 17th hearing, law firms are not "covered entities" under HIPAA. *See Graham v. Fleissner Law Firm*, 2008 WL 2169512, at *3 (E.D. Tenn. May 22, 2008) ("Defendants, a law firm and individual attorney, are not Covered Entities as defined by HIPAA."). Moreover, even if K&P were a covered entity (which it is not), HIPAA expressly authorizes covered entities to produce information in response to a lawful subpoena pursuant to a confidentiality order. *See* 45 C.F.R. § 164.512(e)(1)(v). State Farm has proposed a confidentiality order compliant with HIPAA to the Defendants, that order would extend to third party documents (including medical records), and State Farm has further agreed to allow redaction of medical records for non-State Farm insureds. Accordingly, HIPAA provides no bar to K&P's production of the medical records State Farm seeks and likewise does not justify K&P's refusal to timely confer with State Farm.

### C. An Order Denying K&P's Motion to Quash Is Appropriate In This Case.

"It is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." *See U & I Corp. v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008). If K&P does not want to engage in good faith discussion with State Farm, despite our Local Rules and this Court's clear rulings at the ninety-minute hearing on November 17, neither the Court nor State Farm should be required to continue chasing K&P to plead for its compliance. Given K&P's repeated refusal to meaningfully engage in the discovery process, comply with its obligations under our Local Rules, or comply this Court's order, State Farm respectfully requests that this Court enter an order denying K&P's Motion to Quash and requiring K&P to produce all responsive, non-privileged documents (and

{22693567;7}

list all purportedly privileged documents on a privilege log) at K&P's sole expense within 14 days. *See Madeline L.L.C. v. Street*, 2009 WL 1563526, at *2 (S.D. Fla. June 3, 2009) (ordering the production of documents as a sanction under Rule 45(e)).

## IV.   CONCLUSION

WHEREFORE, State Farm respectfully requests that this Court order K&P to search for and produce all documents responsive to State Farm's subpoena (and list all purportedly privileged files on a privilege log) at its sole expense within 14 days, and grant such other and further relief this Court deems just and proper.

Date:  November 28, 2011.                              Respectfully Submitted,

                                                      AKERMAN SENTERFITT

                                                      By: */s/David I. Spector*
                                                          DAVID I. SPECTOR
                                                          Fla. Bar No. 086540
                                                          david.spector@akerman.com
                                                          SCOTT W. ATHERTON
                                                          Fla. Bar No. 0749591
                                                          scott.atherton@akerman.com
                                                          **AKERMAN SENTERFITT**
                                                          222 Lakeview Avenue, Suite 400
                                                          West Palm Beach, Florida  33401
                                                          Telephone:  (561) 653-5000
                                                          Facsimile:   (561) 659-6313
                                                             --and--
                                                          ROSS O. SILVERMAN
                                                          ross.silverman@kattenlaw.com
                                                          (*admitted pro hac vice*)
                                                          CHARLES CHEJFEC
                                                          charles.chejfec@kattenlaw.com
                                                          (*admitted pro hac vice*)
                                                          JOHN W. REALE
                                                          john.reale@kattenlaw.com
                                                          (*admitted pro hac vice*)
                                                          EMILY J. PRENTICE
                                                          emily.prentice@kattenlaw.com
                                                          (*admitted pro hac vice*)
                                                          KATHY L. KOTOS

>kathy.kottos@kattenlaw.com
>(*admitted pro hac vice*)
>**KATTEN MUCHIN ROSENMAN LLP**
>525 West Monroe Street
>Chicago, IL 60661-3693
>Telephone: (312) 902-5200
>Facsimile: (312) 902-1061
>
>Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, and counsel for Non-Party Kanner & Pintaluga, P.A., identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>*/s/ David I. Spector*
>DAVID I. SPECTOR
>Fla. Bar No. 086540

## SERVICE LIST

| | |
|---|---|
| **Robert William Wilkins**<br>Jones, Foster, Johnston & Stubbs, P.A.<br>505 South Flagler Drive<br>Suite 1100<br>West Palm Beach, FL 33401<br>561-650-0400<br>Fax: 561-650-0490<br>Email: rwilkins@jones-foster.com<br><br>**Cristopher Stephen Rapp**<br>Jones Foster Johnston & Stubbs<br>505 S Flagler Drive<br>Suite 1100 PO Box 3475<br>West Palm Beach, FL 33401<br>561-659-3000<br>Fax: 650-0412<br>Email: csrapp@jones-foster.com<br><br>*Attorneys for Jeffrey Kugler, MD and Jeffrey L. Kugler, M.D., P.A.*<br><br>*Service Via CM/ECF* | **Anthony Conrad Vitale**<br>The health Law Office of Anthony C. Vitale, P.A.<br>2333 Brickell Avenue<br>Suite A-1<br>Miami, FL 33129<br>305-358-4500<br>Fax: 305-358-5113<br>Email: avitale@vitalehealthlaw.com<br><br>**Michael Joseph Napoleone**<br>Richman Greer Weil Brumbaugh Mirabito & Christensen<br>250 Australian Avenue, South<br>Suite 1504<br>West Palm Beach, FL 33401-5016<br>561-803-3500<br>Fax: 561-820-1608<br>Email: mnapoleone@richmangreer.com<br><br>*Attorneys or Jane Bistline, MD and Jane E. Bistline, M.D., P.A.*<br><br>*Service via CM/ECF* |

{22693567;7}

12

| | |
|---|---|
| **Robert N. Nicholson**<br>**Parker D. Eastin**<br>Nicholson Law Group<br>200 S Andrews Avenue<br>Suite 100<br>Fort Lauderdale, FL 33301<br>954-351-7474<br>Fax: 954-351-7475<br>Email: robert@nicholsonlawgroup.com<br>Email: parker@nicholsonlawgroup.com<br><br>*Attorneys for 2047 Palm Beach Lakes Partners, LLC and Jonathan Cutler, MD*<br><br>*Service Via CM/ECF* | **Bruce David Green**<br>1313 S Andrews Avenue<br>Fort Lauderdale, FL 33316<br>954-522-8554<br>Fax: 522-8555<br>Email: bgreen@bdgreenpa.com<br><br>**Steven L. Robbins**<br>2047 Palm Beach Lakes Boulevard<br>Suite 250<br>West Palm Beach, FL 33409<br>561-686-0990<br>Fax: 686-0990<br>Email: counsel62@hotmail.com<br><br>*Attorneys for Gary Carroll, Mark Izydore, and Palm Beach Practice Management, Inc.*<br><br>*Service via CM/ECF* |
| **William Leon Richey**<br>**Catherine Shannon Christie**<br>2 South Biscayne Boulevard<br>One Biscayne Tower - 34th Floor<br>Miami, FL 33131<br>305-372-8808<br>Fax: 305-372-3669<br>Email: wlr@richeylaw.com<br>Email: csc@richeylaw.com<br><br>*Attorneys for Heldo Gomez, MD, Heldo Gomez, M.D., P.A., and North Palm Neurosurgery, P.L.*<br><br>*Service Via CM/ECF* | **Dallas A. Robinson**<br>Kanner & Pintaluga, PA<br>810 Andrews Avenue<br>Delray Beach, FL 33483<br>(561) 424-0032<br>Fax: (561) 853-2188<br>Email: DRobinson@KPAttorney.com<br><br>**Michael A. Shafir**<br>BROAD AND CASSEL<br>2 SOUTH BISCAYNE BLVD.<br>21ST FLOOR<br>MIAMI, FL 33131<br>TELEPHONE: 305.373.9400<br>FACSIMILE: 305.373.9443<br>DIRECT LINE: 305.373.9448<br>DIRECT FACSIMILE: 305.995.6409<br>E-MAIL: MSHAFIR@BROADANDCASSEL.COM<br><br>*Attorney for Non-Party Kanner & Pintaluga P.A.*<br><br>*Service Via U.S. Mail and E-mail* |